Carrington J.
The first point relied upon by the appellant’s counsel was, that the writing signed Samuel Mathews could not be considered as a patent, and could not transfer the right of the Crown to the lands therein described. It is certainly very informal, as it might well be expected to be,, at a time, when this country was in its infancy. But I am satisfied, that it possesses all the substantial parts of a grant, and that it was sufficient to convey the land. The case of Birch v. Alexander, (ante, vol. I, p. 34,) is expressly in point upon this question.
The next objection was to the authenticity of the *354 paper. It has the signature of Samuel Mathews, with that of W\ Claiborne, who is not stated to be the clerk.
I might be induced to suspect the authenticity of the grant, if it stood unaided by circumstances ; but there are two in the case, which have weight with me. The first is, the length of possession which has accompanied the grant; and the second is, that a forgery is not to be presumed, where the grant was immediately offered and admitted to record.
The third objection made to the opinion of the District Court is, that they refused to admit the survey made in 1737 as evidence.
A private survey made by persons who were strangers to the parties in this cause, cannot upon any principle of law be evidence against either of them, though it might have been proper as between those who were parties to the survey, or who claimed under them. The case of Sir John Bridgman v. Jennings, 1 Ld. Raym. 734, which was cited by the appellant’s counsel, is entirely against him. Lord Chief Justice Holt was of opinion, that a survey made by A of two manors during his seisin of both, might, after a length of time, be given in evidence in a dispute about the boundaries between A and B, who had purchased one of the manors.
The case of Underhill v. Durham, in Freeman’s Rep. 509, is inapplicable, as it relates only to the copy of a survey where the original w'as proved to have been burnt.
Upon the whole, I am clearly of opinion, that the judgment of the District Court upon the points suggested in the bill of exceptions was right; but as there is a clerical error in entering up the judgment generally, for the lands in the declaration mentioned, instead of pursuing the verdict, it must be reversed, and corrected.
Lyons J. — I am always sorry when constrained to’ differ in opinion from the rest of the Court. That which has been delivered may be, and probably is, *355 agreeable to the real equity of the case ¿ — but I must decide according to my own sentiments of the law*
The first objection Is to the patent* It recites a former patent for 850acres dated in 1654,and includes 850 acres more, for which entire quantity the grant is made* It also appears that in the year 1660, Roach assigned this patent to Hoskins, and also by a deed poll in the same year conveyed the whole of the 1700 acres to the same person* Now what necessity was there for producing the patent at all ? The deed, accompanied by such a length of possession, was title sufficient for the appellee* But not contented with this, he insists upon the admission of the patent, and relies upon it as proof of his title* This brings me to the question, whether such evidence was proper or not.
It is a sound and well established rule of law, that the best evidence which the nature of the case admits must be produced.
This is a safe rule, for the security of property, and should be adhered to* Inferior evidence may be resorted to, where, from the nature of the case, better cannot be had*
Where it is necessary to rely upon the patent, the original must be produced, if it can be had; if it cannot, a copy may be admitted. If the books in which the patent was recorded be lost, or destroyed, evidence still inferior to that may be admitted; such as a memorandum, particularly where the tight has always been accompanied by possession*
The bill of exceptions states, that the appellant offered this paper as a patent, whereby the lands in question v. ere granted to Roach* Now let us examine this evidence of tide ? what Is it ? A piece of. paper signed by Samuel Mathews, who is not styled Governor in any part of it • there is no seal to it, nor Is it even stated to have been seated. It is styled a patent in the assignment % b«i this did not make it one* If the assignor baa been examined as a witness, and had declared upon oath that it ivas a patent, it would not have been sufficient, because he could not *356 have been a witness for himself, and the patent could not have been admitted to record upon such evidence» Much less can the party give it the effect of a patent, by nam'ng R one ¡n his assignment. The assignment was acknowledged and admitted to record; but this patent, as it is called, never was. For though the Clerk has officiously recorded it, yet it is not more authentic on that account, since it was not the act of the Court.
Upon what ground then can I feel satisfied as to the authenticity of this paper V The answer to all this is, that it was recorded 130 years ago, and "hat it has been accompanied by possession ; that instead of presuming a forger}7, the antiquity of the patent ought to satisfy us of its reality. There is one thing dear 5 which is, that as it must have the aid of presumption to support it, that presumption is completely repelled by its having been in the power of the plaintiff to produce better evidence.
If the record book could be procured, and no such patent were to be found there, the presumption would be, that no such patent was ever issued. I do not object to the authenticity of the patent, upon a suspicion that it has been forged; but because it is incumbent upon the party who produces and relies upon it, to prove it authentic. The assignment does not in my opinion strengthen the proof of the reality of the patent, because it has no greater weight than the re-cital of one deed in another, which is only binding between the parties to the deed, or those claiming under it. , The antiquity of the instrument, though it might have its due weight, if no better evidence could be had, can have no effect when brought within that rule of law, which requires the best evidence which the nature of the case admits of to be produced. If the deed were of recent date, an inferior degree of evidence would be equally admissible, if better could not be had.
But if this had been the best evidence in the power of the appellee, I should still think, that the Court erred in the opinion they gave respecting it. They *357 ought to have suffered the evidence to be given as ground for the jury to presume a grant, leaving the t weight of such evidence entirely to them p instead of which, they determined, that the evidence was sufficient to prove that a patent had issued.
As to the survey which was offered by the appellant, I had considerable doubts at first; but I am now satisfied that the Court did right in rejecting it It might be very dangerous, if private surveys were to be admitted as evidence of boundary, between persons not parties or privies to them. The one in question is entirely ex parte authorised by no judicial act .whatever, and not even strengthened by notice to those persons who might be thereby affected. Neither do I think, that the recording of it can be considered even in the light of presumptive notice, because there was no person who could be regularly cited to contest it.
The recording of a paper which is not required by law to be recorded, especially if no notice be given to third persons whose interest may be affected, can never be binding upon them, nor charge them even with implied notice of the fact. If, in this case, there had been notice to the neighbours of the survey, or any other evidence tending to create a presumption of assent in the persons interested, I would in that case have left the evidence to the jury.
The President. — The appellants counsel considered the objection to the patent under two heads p the first went to the imperfection of the grant; but he afterwards relinquished that point, and of course I should not now notice it, but to observe that the Court were unanimously against him.
The second branch of this objection relates to the authenticity of the grant. I admit the rule of law as it has generally been laid down to be correct. The best evidence which the nature of the case admits of, ought to be produced, and if it may be produced^ inferior testimony is inadmissible.
But the rule as it applies in England to titles re *358 speetiug land is inapplicable in this country. In that patents are not registered; in this they are, and copies from the Register’s Office may as well be ad-m*tted evidence as the originals themselves. The question then is not, whether the copy of a patent may be given in evidence, but whether a copy from the records of a County Court may ? Because I take it for granted, that the paper offered in evidence by the appellee, and to which the exception is taken, comprehends the patent as well as the assignment, and proves, that both of them were admitted to record in the year 1660. Upon this point, I am clearly of opinion, that the attested copy of a patent recorded in the County Court, is equally authentic, as if it were obtained from the records of the Register’s Officeo The latter, is under no other control than that of the officer of that department, whereas the former is under the superintendance of a Court of Justice.
I admit it to be possible, that a forged bond or patent, with an assignment, might be admitted to record ; but after such a length of time, and under the circumstances of this case, I cannot presume it. On the contrary, I must presume that the real patent was recorded. Neither do I think, that the Court went too far in the opinion they gave respecting this evidence. They did not determine that the evidence was sufficient to establish the grant; but they overruled the objection of the appellant taken to the admission of the evidence.
The next question respects the survey which was offered on the part of the defendant. The exception is not to the authenticity of the survey, for if it were, and no other objection appeared to it, I should consider the evidence as being proper. But it is objected, that it is inadmissible evidence as between those who ■were strangers to it. The case of Sir John Bridgman v. Jennings, is a complete authority in support of the opinion of the District Court, and it stands unopposed by any other adjudged case within my recollection. This survey was certainly improper evidence to establish the boundaries of the land in question, and there *359 fore ought not to have been left to the jury» illegal, or improper evidence, however unimportant it' may be to the cause, ought never to be confided to the jury; for if it should have an influence upon their minds, it will mislead them; and if it should have none, it is useless, and may at least produce perplexity» Although the acknowledgment of the acts of a party may be evidence against him, yet it can never under any circumstances, be used in his favour.
A majority of the Court being of opinion that the error in the judgment in not pursuing the verdict, cannot be considered as a misprision of the clerks the judgment must be reversed with costs, and entered for so much of the land with the appurtenances in the declaration mentioned, as shall be comprehended within the marks and lines described by the jurors in their verdict, together with the damages and costs, &c.([1])

(1) Jones’s devisees v. Carter, 4 Hen. & Munf. 194. Moss v. Moss’s adm. 4 Hen. & Munf. 194. 308. Brown v. May, 1 Munf. 291. Lovell v. Arnold, 2 Munf. 174. Rowletts v. Daniel, 4 Munf. 473.